## SEIBER v. NEWMAN et al.

(Court of Civil Appeals of Texas. Amarillo. Oct. 19, 1912. Rehearing Denied Nov. 30, 1912.)

SPECIFIC PERFORMANCE (§ 127*)—ALTERNATIVE RELIEF.

A party may, in the same suit on a contract, pray for performance and, in the alternative, for rescission without being put to the election of either remedy.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 406–411; Dec. Dig. § 127.*]

Appeal from District Court, Hemphill County; L. S. Kinder, Judge.

Action by C. S. Seiber against A. M. Newman and another. From a judgment in favor of one defendant and for plaintiff against another defendant, plaintiff appeals. Affirmed in part, and reversed and remanded in part.

Willis & Willis, of Canadian, for appellant. Baker & Sanders and H. E. Hoover, all of Canadian, for appellees.

HALL, J. A peremptory instruction was given the jury by the trial court, and in accordance therewith verdict returned in favor of appellee Canadian Long Distance Telephone Company, and in favor of appellant, against A. M. Newman, for the amount of the note in suit. The judgment is affirmed as against A. M. Newman, and is reversed and remanded as to Canadian Long Distance Telephone Company. In view of another trial, it is not proper for us to discuss at length the evidence, but suffice it to say that there was sufficient testimony to have required the trial court to instruct the jury upon the issues, as contended for by appellant under his first, second, third, fourth, and fifth assignments of error. Special exception No. "C," urged by plaintiff as against defendant company's plea of estoppel, should have been sustained, as contended under the sixth assignment. Appellant's seventh assignment is not briefed as required by the rules, and is disregarded. What has been said disposes of the eighth assignment in favor of appellant. The ninth assignment is that the court erred in sustaining defendant telephone company's exception to plaintiff's special pleading in his first supplemental petition, in which plaintiff prayed in the alternative for the return of his property in the event it appeared that the same was acquired by the fraud of A. M. Newman. Since, under our system of pleading, a party may, in the same suit upon a contract, pray for performance, and in the alternative for rescission, without being held to have elected either remedy, it follows that the ninth assignment must be sustained.

Affirmed in part and reversed and remanded in part.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes